<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RIGOBERTO B. SORIA LOJANO,

                  *Petitioner*,

           v.

LUIS SOTO, *et al.*,

                  *Respondents*.

Civil Action No. 26-cv-02926

**ORDER**

    **THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Rigoberto B. Soria Lojano ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

    **WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b), under a recently announced enforcement policy that categorically denies bond eligibility to individuals charged as inadmissible under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) (ECF No. 1-3 at 2–3; *see also* ECF No. 6 at 1–2); and

    **WHEREAS**, Petitioner is a native and citizen of Ecuador who entered the United States without inspection in approximately 2005 and has resided in the United States continuously since that time (ECF No. 1 ¶¶ 1-3; *see also* ECF No. 6 at 1); and

    **WHEREAS**, Petitioner has filed an application for Deferred Action for Childhood Applicants (DACA), which remains pending (*See id.* ¶¶ 3–4); and

    **WHEREAS**, Petitioner asserts that, despite this status, he was arrested by United States

Immigration and Customs Enforcement ("ICE") on March 14, 2026, while in the interior of the United States, and thereafter detained (*Id.* ¶ 5); and

**WHEREAS**, Petitioner is presently detained at Delaney Hall Detention Facility in Newark, New Jersey under the supervision of the Newark Field Office (*Id.* ¶ 25); and

**WHEREAS**, Petitioner alleges that he has no criminal history, poses no danger to the community or risk of flight (*Id.* ¶ 39); and

**WHEREAS**, Respondents filed a Response to the Petition on March 30, 2026 citing authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (*Id.*); and

**WHEREAS**, the Court resolves the Petition (ECF No. 1) on the existing record and the controlling statutory framework; and

**WHEREAS**,  Petitioner is being unlawfully detained under  8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No. 25-3328 (3d Cir. Dec. 2, 2025).

the Government's position in approximately 300 cases to date. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

WHEREAS, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that *Lopez-Campos* was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court

3

is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 9th day of April 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

4